
Marian F. Harrison
US Bankruptcy Judge

Dated: 06/10/11

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DOUGLAS J. CONDIDORIO, ) | CASE NO. 309-02079 |
| ) | CHAPTER 7 |
| Debtor. ) | JUDGE HARRISON |
| ) | |
| REGIONS BANK, ) | ADV. NO. 309-0126A |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DOUGLAS J. CONDIDORIO, ) | |
| ) | |
| Defendant. ) | |

___

## MEMORANDUM OPINION
___

This matter is before the Court upon the debtor's motion for relief based on newly discovered evidence under Fed. R. Civ. P. 60(b)(2) and (6)[1] (made applicable by Fed. R. Bankr. P. 9024) from this Court's April 2, 2010, order granting Regions Bank a non-

---

[1] In his motion, the debtor also requested relief pursuant to Fed. R. Civ. P. 60(b)(3), however, he withdrew this argument at the hearing.

dischargeable judgment pursuant to 11 U.S.C. § 523(a)(2)(B). For the following reasons, the Court finds that Rule 60 relief is not warranted.[2]

## I. BACKGROUND

On April 2, 2010, the Court entered a non-dischargeable judgment in favor of Regions Bank against the debtor for $255,997.96. The debtor filed a Notice of Appeal on April 2, 2010, with the Bankruptcy Appellate Panel for the Sixth Circuit. Upon Regions Bank's request, the case was transferred to District Court on April 22, 2010. By order entered on July 14, 2010, the District Court referred the case to the Magistrate Judge for a Report and Recommendation. On February 23, 2011, the Magistrate Judge issued his Report and Recommendation to affirm the Bankruptcy Court's decision. The debtor objected to the Report and Recommendation. On March 28, 2011, the District Court issued a Memorandum and Order overruling the debtor's objections, accepting the Magistrate Judge's Report and Recommendation in full, and affirming the Bankruptcy Court's decision in favor of Regions Bank. On March 30, 2011, the debtor filed this motion for Rule 60 relief, and he appealed the District Court's decision on April 21, 2011.

---

[2]Although this case is on appeal to the Sixth Circuit Court of Appeals, this Court has jurisdiction to consider the Rule 60(b) motion. The jurisdictional prohibition on reconsideration of this Court's judgment during a pending appeal does not apply where, as here, the Court declines to grant Rule 60(b) relief. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.,* No. 05-2479, 2007 WL 2733336, *7 (6th Cir. 2007) (citations omitted). *See also Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir. 2002) (if trial court indicates that Rule 60 motion should be granted, then movant required to file motion for remand in appellate court); *see also First Nat'l Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343, 346 (6th Cir. 1976) (same).

2 – U.S. Bankruptcy Court for the M.D. Tenn.

## II. DISCUSSION

The debtor argues that he is entitled to Rule 60 relief based on newly discovered evidence. Specifically, the debtor points to the indictment of David E. Miller on February 2, 2011, regarding misrepresented facts in connection with the sale of membership interests in Fellowship Investors, LLC. While neither the facts related in the indictment nor Fellowship Investors, LLC, are involved in this case, the debtor asserts that the indictment establishes a pattern of criminal behavior by Mr. Miller, and thus, any actions on behalf of the debtor could not have been within the scope of any agency relationship between Mr. Miller and the debtor.

To be entitled to relief under Rule 60(b)(2), the debtor must meet two requirements: the debtor must show that he exercised due diligence in obtaining the new evidence, and he must show that the new evidence is "'material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir. 1998) (citation omitted).

The Court does not believe that the indictment constitutes newly discovered evidence because the indictment of Mr. Miller was not in existence at the time of the trial. Newly discovered evidence must be in existence at the time of trial and not discovered until after trial. *In re Campo*, 418 B.R. 221, 225 (Bankr. W.D. Ky. 2009) (citation omitted) (evidence that came into existence after court ruling does not qualify as newly discovered evidence).

3 – U.S. Bankruptcy Court for the M.D. Tenn.

Regardless, the Court finds that even if the indictment constitutes newly discovered evidence, it would not have changed the outcome of the trial.

The debtor argues that the indictment of Mr. Miller establishes a pattern of criminal behavior. The debtor then leaps to the conclusion that Mr. Miller could not have acted as the debtor's agent in giving Regions Bank the false financial statement because he acted with criminal intent, which was outside any agency relationship between the debtor and Mr. Miller.

As pointed out by Regions Bank, neither the debtor's affidavit nor the indictment reference the debtor's false personal financial statement or the loan made by Regions Bank to the debtor. Nor does the indictment reference any business transactions involving RLG Investments, LLC, the only entity involved in this case. The debtor is asking the Court to find that because Mr. Miller has been indicted on charges resulting from other business activities, he must have been acting with criminal intent in supplying the debtor's financial statement to Regions Bank. This is at best impeachment evidence, and it does not negate the agency relationship between the debtor and Mr. Miller with regard to the financial statement prepared by the debtor for submission to potential lenders like Regions Bank. Moreover, it is not at all clear that the indictment would have been admissible at trial. *See* Fed. R. Evid. 404(b) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). Regardless, impeachment of

a witness' credibility is not an appropriate ground for relief under Rule 60(a)(2). ***Good v. Ohio Edison Co.***, 149 F.3d 413, 423.

The bigger problem for the debtor is that even if the Court were to consider his affidavit and the indictment as newly discovered and admissible evidence, the result would be the same. Here, the debtor prepared and signed what he knew was a materially incomplete financial statement. He relied on someone else to fill in his large contingent liabilities without reviewing the completed statement before it was submitted to Regions Bank, which would undoubtedly rely on it. He also knew at the time that his large contingent liabilities resting on guarantees he had signed for RLG Investments, LLC, would come home to roost if another lender (Regions Bank) was not found to keep the project afloat. The debtor's gross recklessness, by itself, was the basis for finding the debt to Regions Bank non-dischargeable. ***See Syracuse Sav. Bank v. Weiner (In re Weiner),*** 86 B.R. 912, 915 (Bank. N.D. Ohio 1988) ("[b]y submitting the forms in blank without concern or knowledge of their content on completion, Debtor, an educated businessman, acted with gross recklessness regarding their eventual veracity" and an intent to deceive was established).[3]

---

[3]"The standard in this regard is that discharge will be denied if Debtor intended to deceive or acted with gross recklessness concerning the truth of statements respecting his financial condition." ***In re Weiner,*** 86 B.R. at 915 (citations omitted). ***See also Bank One, Lexington, N.A. v. Woolum (In re Woolum),*** 979 F.2d 71, 73 (6th Cir. 1992) ("gross recklessness is sufficient to establish an intent to deceive").

The argument that the debtor "did not personally present the statements to [Regions Bank] to obtain the loan is irrelevant. It is sufficient that he signed the statements in reckless disregard of their ultimate content and [Regions Bank] received them indirectly and relied thereon." *Id.* (citations omitted).

As stated in the Court's findings of fact and conclusions of law:

In the present case the proof did not show the debtor directly intended to deceive Regions Bank; however, his actions in signing an incomplete financial statement and in not checking it before it was given to Regions if he, indeed, intended Mr. Miller to fill out certain points, were so egregious and reckless that the debt should be held non-dischargeable.

The debtor, who is a vice president of a corporation, . . . signed incomplete financial statements, at best, assuming that Mr. Miller would fill in the missing information. He did not check the document nor did he ask for or keep copies of his other personal financial statements and he did not ask for or keep copies of the several loan guarantees that he had previously signed, despite the significantly large amounts being guaranteed.

Unfortunately, the debtor's blind signing, failing to check the document afterwards, and supplying of an incomplete financial statement and reckless signing of loan documents without regard for the possible negative consequences caught up with him.

Finally, Rule 60(b)(6) requires a showing of "something more" and such circumstances must include "extreme and undue hardship" in an "unusual" situation "where principles of equity mandate relief." ***Olle v. The Henry & Wright Corp.,*** 910 F.2d 357, 365 (6th Cir. 1990). The Court finds that the assertions in the debtor's motion for relief do not meet the requirements articulated by the Sixth Circuit in ***Olle***.

6 – U.S. Bankruptcy Court for the M.D. Tenn.

## III. CONCLUSION

Accordingly, the Court finds that the debtor's motion should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically
as indicated at the top of the first page**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.